# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- ) ) ) | |
| Avant Assessment, LLC ) | ASBCA No. 58867 |
| ) | |
| Under Contract No. W9124N-10-C-0109 ) | |

APPEARANCES FOR THE APPELLANT:  Dirk Haire, Esq.
                  Sean Milani-nia, Esq.
                  Rachel Severance, Esq.
                   Fox Rothschild LLP
                   Washington, DC

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                   Army Chief Trial Attorney
                  CPT Harry M. Parent III, JA
                  MAJ Julie A. Glascott, Esq.
                  Kyle E. Chadwick, Esq.
                  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant, Avant Assessment, LLC, applies for fees in ASBCA No. 58867, pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504. Pursuant to our 2 March 2016 order, we address entitlement only.

On 14 October 2015, the Board denied the government's motion for reconsideration of an 11 August 2015 opinion granting summary judgment for Avant. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137. In granting summary judgment, the Board sustained ASBCA No. 58867, converting the government's termination of the contract referenced above (a contract for 3,300 foreign language test items) from one for cause to one for the convenience of the government. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,129. Avant's 1 March 2016 fee application is timely; it was filed within 120 days after our denial of the government's motion for reconsideration. *See HSQ Technology*, ASBCA No. 32272, 88-3 BCA ¶ 21,144 at 106,742.

An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. 5 U.S.C. § 504(a)(1). Whether the position of the agency was substantially justified shall

be determined on the basis of the administrative record, as a whole. *Id.* For purposes of EAJA, and pursuant to 5 U.S.C. § 504(b)(1)(B)(ii), a "party" includes any corporation the net worth of which did not exceed $7,000,000 at the time the adversary adjudication was initiated, and which had not more than 500 employees at the time the adversary adjudication was initiated.

The party seeking an EAJA award "shall also allege that the position of the United States was not substantially justified." 5 U.S.C. § 504(a)(2). The government has the burden of demonstrating that its position was substantially justified or that special circumstances make an award unjust. *E.C. Schleyer Pump Co.,* ASBCA No. 33900, 89-1 BCA ¶ 21,194 at 106,957. In determining whether the position of the government was substantially justified, we need to determine whether that position was justified to a degree that would satisfy a reasonable person. *Id.*

The government does not contend that there are special circumstances that would make an award unjust. The application demonstrates that Avant's net worth did not exceed $7,000,000 at the time it filed ASBCA No. 58867 (EAJA appl., Haakanson aff. & ex. A). Although Avant contends that it had fewer than 500 employees when it filed the appeal, the affidavit it cites in support does not address the issue (EAJA appl. at 3, Haakanson aff.). Nevertheless, the government "does not dispute that Appellant is an eligible party for EAJA fees under 5 U.S.C. § 504(b)(1)(B)(ii)" (gov't resp. at 2); we take that as a concession that Avant had fewer than 500 employees when it filed the appeal, and find that Avant is a "party" for purposes of EAJA.

The government argues that ASBCA No. 58867 is not final, and that Avant's fee application is, therefore, premature, because we consolidated ASBCA No. 58867 with ASBCA Nos. 58986 and 59713, which are pending and concern the same contract as does ASBCA No. 58867. However, the government points out that ASBCA No. 58986 concerns whether Avant owes the government money, and that ASBCA No. 59713 concerns whether the government owes Avant money (gov't br. at 1). Because those appeals present different legal and factual issues than did ASBCA No. 58867 (which, of course, concerned whether the termination of the contract for cause was justified), ASBCA No. 58867 retained its identity separate from those other appeals; consequently, the consolidation of the three appeals was in the interest of judicial economy and convenience only, and did not merge them into a single appeal. *See generally Allied Repair Service, Inc.,* ASBCA No. 26619, 82-1 BCA ¶ 15,785 at 78,163 (distinguishing between partial and complete consolidation). The government invokes the doctrine of "finality," which requires that a judgment have "wholly disposed of a case, adjudicating all rights and ending the litigation on the merits," *AAA Engineering & Drafting, Inc. v. Widnall,* 129 F.3d 602, 604 (Fed. Cir. 1997), but our decision granting summary judgment in ASBCA No. 58867 wholly disposed of that appeal: we sustained the appeal in its entirety, converting the termination to one for the convenience of the government, leaving nothing left for us to adjudicate. *See Avant Assessment,* 15-1 BCA ¶ 36,067 at 176,129. Consequently, we reject the government's prematurity argument.

Moreover, because we sustained ASBCA No. 58867, Avant is the prevailing party in that appeal for purposes of EAJA. *See Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123.

*Substantial justification*

Avant alleges that the government's position was not substantially justified, stating that "[t]o say that the Government's position was not substantially justified is an understatement" (EAJA appl. at 5). The government contends, but fails to demonstrate, that its position was substantially justified. The government contends that its "overall position, conveyed across its Answer, Response to Appellant's Motion for Summary Judgment, and Motion for Reconsideration, was that appellant's contract was justifiably terminated for cause after appellant repeatedly disregarded or failed to meet its contractual delivery schedule and repeatedly failed to submit the contracted-for number of acceptable items" (gov't resp. at 7). With respect to the answer, the government fails to point to any portion of that pleading to support its contention, and the Board will not undertake its own examination in an attempt to ferret out such support.

With respect to the government's response to appellant's motion for summary judgment, in requesting summary judgment Avant relied upon Modification No. P00005 to the contract, which, Avant argued, conformed the scope of the contract "to the number of items the Government ultimately accepted" (app. summ. j. mot. at 15). In response, the government argued in conclusory fashion that Avant's interpretation of Modification No. P00005 "defies common sense and applies an interpretation to one sentence of Modification P00005 that is inconsistent with the language of the Contract and the conduct of the parties," and that "[b]ecause [the contract] was terminated for cause based on Avant's *failure to deliver the required number of acceptable test items*, this is a genuine dispute as to a material fact" (gov't resp. at 4 (footnote omitted, emphasis added)).[1] In granting summary judgment for Avant, we held:

> *The only justification* that the government offers for
> terminating the contract for cause is that, it contends,
> Avant "fail[ed] to deliver the required number"–3,300–"of
> acceptable test items." ...However...with Modification
> No. P00005, the contract no longer required Avant to
> deliver 3,3[0]0 acceptable items; rather, any shortfall from
> that number would be removed "automatically" from the
> contract's scope.... Consequently, we agree with Avant
> that, as of...the date that the parties entered into

---

[1] In the footnote omitted above, the government cited and provided a parenthetical explanation of *NVT Technologies, Inc. v. United States*, 370 F.3d 1153 (Fed. Cir. 2004).

3

> Modification No. P00005, delivering fewer than
> 3,300 acceptable items was not cause for terminating the
> contract.

*Avant Assessment*, 15-1 BCA ¶ 36,067 at 176,129 (emphasis added, citations omitted).

Having failed to prevent summary judgment against it, the government moved for reconsideration with a different argument: that Avant had not complied with the contract's delivery schedule. We denied the motion, holding that:

> Essentially, the government appears to be arguing
> that Avant did not deliver a required number of test items,
> regardless of their acceptability. That is an argument not
> advanced in response to the motion for summary judgment.

*Avant Assessment*, 15-1 BCA ¶ 36,137 at 176,386. Furthermore, we held that although the government "could have advanced that argument in its response to the summary judgment motion," "[f]or whatever reason, it did not; not even the government suggests otherwise." *Id.*

From that sequence of events we find that the position of the government was not justified to a degree that would satisfy a reasonable person; therefore, the government fails to demonstrate that its position was substantially justified. When called upon to defend its termination of the contract against a request for summary judgment, the government advanced a single position (item unacceptability) that failed adequately to account for a pre-termination contract modification. When, accordingly, summary judgment was entered against it, the government requested reconsideration based upon a different argument (failure to deliver a required quantity) that it could have advanced in opposition to summary judgment, but did not. Whether we would find substantial justification had the government responded to the summary judgment motion with its reconsideration argument, we cannot say; we will not entertain on the merits, during the fee application stage, an argument we rejected—essentially for untimeliness—during the litigation stage. After all, a request for attorney's fees should not result in a second major litigation. *E.g.*, *Walsky Construction Co.*, ASBCA No. 41541, 95-2 BCA ¶ 27,889 at 139,137 (quoting *Hensley v. Eckerhart*, 461 U.S. 24, 437 (1983)).

We reject the government's other arguments regarding substantial justification. The government contends that its pleadings and briefings in ASBCA Nos. 58986 and 59713 factor into whether its position in ASBCA No. 58867 was substantially justified, because the Board consolidated the three appeals (gov't resp. at 7). We disagree with that conclusion for the same reasons that we reject the government's prematurity argument: ASBCA No. 58867 was always its own, separate appeal.

4

## CONCLUSION

Avant is awarded reasonable attorney's fees and other expenses incurred in the course of these appeals. The application is remanded to the parties for the negotiation of quantum.

Dated: 12 July 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58867, Appeal of Avant Assessment, LLC, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5